NANCY BURTON *v.* PLANNING COMMISSION OF
THE TOWN OF REDDING ET AL.
(13426)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and COVELLO, Js.

Argued November 2, 1988—decision released January 17, 1989

*Wesley W. Horton,* with whom was *Nancy Burton,* for the appellant (plaintiff).

*Michael N. LaVelle,* for the appellee (named defendant).

*Gregory M. Perry,* with whom, on the brief, was *Marylouise S. Black,* for the appellee (defendant James E. McMurray).

COVELLO, J. The sole issue in this appeal is whether the Appellate Court erred in concluding that the late filing of the plaintiff's brief required granting of the motion to dismiss filed by one of the defendants. *Burton* v. *Planning Commission,* 13 Conn. App. 400, 536 A.2d 995 (1988). We affirm the Appellate Court's decision.

The facts relevant to this appeal are undisputed. On July 15, 1986, the plaintiff, Nancy Burton, appealed to the Superior Court from a decision of the named defendant, the planning commission of the town of Redding, approving the application of the codefendant, James E. McMurray, to subdivide his property. The plaintiff, who was not a party in the proceeding before the planning commission, claimed to be aggrieved by its decision and sought to intervene pursuant to General Statutes § 22a-19.[1]

[1] General Statutes § 22a-19 provides in relevant part: "ADMINISTRATIVE PROCEEDINGS. (a) In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law, the attorney general, any political subdivision of the state, any instrumentality or agency of the

On July 21, 1986, McMurray filed a motion to dismiss the plaintiff's action, pursuant to Practice Book § 143,[2] accompanied by an affidavit and memorandum of law in support of his motion. In his motion, McMurray claimed that the plaintiff was not aggrieved and, therefore, lacked standing to appeal the commmission's decision and to intervene. General Statutes § 8-28 (b).[3]

state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state.

"(b) In any administrative, licensing or other proceeding, the agency shall consider the alleged unreasonable pollution, impairment or destruction of the public trust in the air, water or other natural resources of the state and no conduct shall be authorized or approved which does, or is reasonably likely to, have such effect so long as, considering all relevant surrounding circumstances and factors, there is a feasible and prudent alternative consistent with the reasonable requirements of the public health, safety and welfare."

[2] [Practice Book] Sec. 143. ——GROUNDS

"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record.

"If an adverse party objects to this motion he shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion."

[3] "[General Statutes] Sec. 8-28. APPEAL FROM PLANNING COMMISSION TO SUPERIOR COURT. REVIEW BY APPELLATE COURT. . . .

"(b) The court, upon the motion of the person who applied for the commission's action or decision, shall make such person a party defendant in the appeal. Such defendant may, at any time after the return date of such appeal, make a motion to dismiss the appeal. At the hearing on such motion to dismiss, each appellant shall have the burden of proving his standing to bring the appeal. The court may, upon the record, grant or deny the motion. The court's order on such motion shall be a final judgment for the

The motion to dismiss was originally scheduled to be heard at short calendar on Monday, September 22, 1986. The plaintiff[4] and counsel for McMurray agreed to postpone the matter due to a scheduling conflict.[5] The matter was then reassigned to be heard on Monday, September 29, 1986. On Thursday, September 25, 1986, four days before the scheduled hearing on the motion to dismiss, the plaintiff filed a memorandum of law in opposition to the motion to dismiss.

At the September 29, 1986 hearing, McMurray informed the trial court, *William J. Sullivan, J.*, that the plaintiff's memorandum of law in opposition to the motion to dismiss was filed four days, rather than five days, prior to the hearing.[6] The trial court thereafter rendered judgment dismissing the case, observing that the plaintiff was one day late in filing the memorandum of law as required by Practice Book § 143.

Practice Book § 143 provides in relevant part: "If an adverse party objects to this motion [to dismiss] he shall, *at least five days before* the motion is to be considered on the short calendar, file and serve in accordance with [Practice Book] Sec. 120 a memorandum of law . . . . An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion." (Emphasis added.)

purpose of the appeal as to each such defendant. No appeal may be taken from any such order except within seven days of the entry of such order."

[4] The plaintiff is an attorney appearing pro se in this case.

[5] Practice Book § 209 provides: "Matters upon the short calendar list requiring oral argument or counsel's presence shall not be continued except for good cause shown; and no such matter in which adverse parties are interested shall be continued unless the parties shall agree thereto before the day of the short calendar session . . . in the absence of such agreement, unless the court shall otherwise order, any counsel appearing may argue the matter and submit it for decision, or request that it be denied."

[6] It should be noted that the plaintiff did not ask the court to have the hearing on the motion to dismiss continued. See Practice Book § 209.

## I

In order to determine the correctness of the Appellate Court's decision we address two questions. First, was the plaintiff's memorandum of law timely filed pursuant to Practice Book § 143? If the answer to that question is "no" we must then determine if the trial court's dismissal of the case was required under § 143. The Appellate Court was correct in concluding that the plaintiff's memorandum was not filed in a timely manner and that § 143 requires the trial court's dismissal of the case.

The plaintiff concedes that her memorandum of law was filed in court one day late. She argues, however, that she substantially complied with the requirements of § 143 by filing the memorandum within four days of the hearing, mailing copies to opposing counsel, and hand delivering additional copies to opposing counsel's office on Friday, September, 26, 1986. We are not persuaded. The question presented is not whether the plaintiff *substantially* complied with § 143 but rather whether she *in fact* complied with its requirements.

It is clear that the plaintiff did not timely file her memorandum of law as required by § 143. Had the plaintiff moved for, and been granted a continuance pursuant to Practice Book § 209, however, her memorandum of law, filed on Thursday, September 25, would have been filed "at least five days before the motion is to be considered on the short calendar." Practice Book § 143. Although the plaintiff had used Practice Book § 209 to her advantage the previous week, when she and McMurray's counsel agreed to have the hearing continued, it is important to note that she did not seek a continuance on Monday, September 29, 1986. See Practice Book § 209. Under the factual circumstances presented here our conclusion is inescapable.

Thursday, September 25, 1986, is four days before Monday, September 29, 1986, and, therefore, the plaintiff did not file her memorandum of law in a timely manner as required by § 143.

## II

The plaintiff argues that, nevertheless, the trial court erred in granting McMurray's motion to dismiss the case. We disagree and conclude that the Appellate Court correctly determined that the trial court's action was required by § 143.

In *Hughes* v. *Bemer,* 200 Conn. 400, 510 A.2d 992 (1986), we analyzed Practice Book § 155 which, like § 143, contains a provision that provides in relevant part: "If an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered on the short calendar, file . . . a memorandum of law. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion." We interpreted this language and concluded that "[t]he memorandum must be filed, or the motion . . . shall be granted." *Hughes* v. *Bemer,* supra, 402–403. The plaintiff urges us to find that *Hughes* is not controlling in this situation despite the fact that the language in § 155 is identical to the language in § 143. We see no reason why our analysis in *Hughes* is not equally applicable in this situation.

The plaintiff points to *Pepe* v. *New Britain,* 203 Conn. 281, 287, 524 A.2d 629 (1987), in support of her claim that dismissal under § 143 is not required. In *Pepe* we examined Practice Book § 380, which states in relevant part: "The adverse party prior to the day the case is set down for short calendar *shall* file opposing affidavits and other available documentary evidence." (Emphasis added.) We "decline[d] to construe such language as a jurisdictional barrier that the parties cannot waive

or the court may not excuse under any circumstances." *Pepe* v. *New Britian,* supra, 288. There is, however, a critical factor that distinguishes *Pepe* from the case at hand. Unlike §§ 143 and 155, § 380 does not contain language which provides a sanction for failure to file timely the necessary documents. In *Pepe* we concluded that "[a]lthough § 380 declares that materials in opposition to a motion for summary judgment 'shall' be filed the day before the hearing, it does not contain any provision corresponding to the dictate of § 155 that the consequence of noncompliance with the rule is that the delinquent party 'shall be deemed by the court to have consented to the granting of the motion.' " *Pepe* v. *New Britain,* supra, 287. Therefore, the dismissal of this case was appropriate not simply because the language in § 143 dictates that a memorandum must be filed but because, along with that dictate, the rule contains a sanction for failure to comply with that provison.

The plaintiff argues that the trial court's interpretation of § 143 requires a "draconian"[7] application of the rule.[8] We disagree. Practice Book § 6 provides: "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." This provision, along with § 209, make it clear that the "draconian" application to which the plaintiff refers is not the necessary outcome of the application of § 143. In circumstances similar to these, the trial court, upon request, may grant the parties a continuance for good cause shown pursuant to § 209. Therefore, the plain-

---

[7] The term "draconian" has its origin in 621 B.C. when Draco, an Athenian lawgiver, would cut a person's head off for stealing cabbage.

[8] The plaintiff argues that it would be manifestly unfair for a court to dismiss a plaintiff's case if, for example, counsel's office burned down prior to filing the required memorandum. We would tend to agree. This result, however, is not a foregone conclusion.

tiff's claim that the result will be universally harsh is without merit.

We are acutely aware that this case presents the tension that exists between the deprivation of an individual's right to defend a motion to dismiss and the overriding concern that the great number of cases before our courts be kept moving efficiently through the judicial system. "Overcrowded dockets have become a major problem challenging the ability of the courts of this state and elsewhere to dispense justice. . . . In order to fulfill our responsibility of dispensing justice we in the judiciary must adopt an effective system of caseflow management. Caseflow management is based upon the premise that it is the responsibility of the court to establish standards for the processing of cases and also, when necesssary, to enforce compliance with such standards." *In re Mongillo,* 190 Conn. 686, 690–91, 461 A.2d 1387 (1983). It is an inherent power of the court " 'to provide for the imposition of reasonable sanctions to compel the observance of its rules.' " Id., 690. Not only was the sanction used in this case reasonable, it was required.

We affirm the Appellate Court's decision.

In this opinion PETERS, C. J., HEALEY and CALLAHAN, Js., concurred.

SHEA, J., dissenting. The needlessly unjust outcome of this appeal, in which the plaintiff has been deprived of a resolution of her claim on its merits because she was one day late in filing a memorandum of law in opposition to a motion to dismiss, is another episode in the draconian enforcement of the "shall be deemed to have consented to the granting of the motion" provisions of Practice Book § 143 with regard to motions to dismiss and Practice Book § 155 with regard to motions to strike. We began this saga with *Hughes* v. *Bemer,*

200 Conn. 400, 510 A.2d 992 (1986), in which the failure of the plaintiff to file a memorandum in opposition to a motion to strike pursuant to § 155 was held to preclude consideration of the substantive issue of the viability of the complaint on its merits, despite the fact that noncompliance with the rule had never been raised in the trial court.

In the present appeal it cannot be said that noncompliance with the time limit for filing a memorandum opposing the motion to dismiss pursuant to § 143 has been waived, since it was clearly raised at the hearing on the motion. The trial court, however, construed the applicable precedent of *Hughes* to afford no room for the exercise of reasonable discretion. Under this pettifogging view of our procedural rules, such circumstances as the lack of any prejudice to the defendants, who apparently received hand delivered copies of the memorandum no later than if they had been mailed five days before the hearing, as § 143 requires, must be disregarded for the sake of "caseflow management." The majority opinion attempts to justify this approach as advancing that goal of judicial administration without explaining how the delay of one day in filing the plaintiff's memorandum in the clerk's office in any manner has or could have affected the expeditious disposition of the defendants' motion to dismiss. The opinion also overlooks the fact that such dismissals are likely to generate additional litigation in the form of malpractice suits, though not in this case where the plaintiff in the trial court acted as her own counsel. Furthermore, its suggestion of a continuance as the remedy to alleviate the harshness of the rule is hardly consistent with the "caseflow management" objective of reducing unnecessary delay.

"The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict

adherence to them will work surprise or *injustice.*" (Emphasis added.) Practice Book §§ 6, 4187. I cannot reconcile this guiding principle for the application of our rules of practice with affirmance by the majority of the dismissal of this complaint without consideration of its merits for a minimal lack of timeliness resulting in neither prejudice nor actual delay. It is the entire judicial system, not just the plaintiff, that suffers when a case fails to be resolved upon substantive grounds because of a procedural deficiency so trivial and inconsequential as in this case. *Hughes* v. *Bemer,* supra, 405 (*Shea, J.,* dissenting). We merely invite legislative intervention in the rule making process when our rules of practice are applied in such a manner that litigants are needlessly thwarted in obtaining a determination of their claims on the merits. See *Andrew Ansaldi Co.* v. *Planning & Zoning Commission,* 207 Conn. 67, 75–76, 570 A.2d 59 (1988) (*Shea, J.,* concurring).

Accordingly, I dissent.