GARY S. BLONDER *v.* HARTFORD HELICOPTERS, INC.
(13512)

PETERS, C. J., HEALEY, SHEA, GLASS and HULL, Js.

Argued December 15, 1988—decision released January 17, 1989

*David M. Sheridan,* with whom, on the brief, was *George C. Springer, Jr.,* law student intern, for the appellant (plaintiff).

*Bourke G. Spellacy,* with whom were *Karen P. Blado* and, on the brief, *Anna V. Crawford,* for the appellees (defendants).

PER CURIAM. The dispositive issue in this appeal is whether, in light of the plaintiff's belated filing of his brief, the trial court properly granted the defendants' motion to dismiss. The plaintiff, Gary S. Blonder, brought an action for indemnification, fraud, and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., against the defendants Hartford Helicopters, Inc., and Robert Foisie. The defendants filed a timely motion to dismiss. The plaintiff appeals from the judgment of the trial court granting this motion. Because the procedural circumstances attendant to the motion to dismiss are functionally indistinguishable from those involved in our recent case of *Burton* v. *Planning Commission,* 209 Conn. 609, 553 A.2d 161 (1989), we find no error.

In *Burton,* this court held that noncompliance with Practice Book § 143 requires a trial court to dismiss a case. Practice Book § 143 provides in relevant part: "If an adverse party objects to [a] motion [to dismiss] he shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with [Practice Book] Sec. 120 a memorandum of law . . . . An adverse party who fails timely to file such a memorandum pursuant to this section

shall be deemed by the court to have consented to the granting of the motion."

In this case, the defendants filed their motion to dismiss on January 11, 1988. The trial court scheduled and heard oral argument on the motion to dismiss on Monday, February 1, 1988. The plaintiff did not file his memorandum of law in opposition to the motion to dismiss until Thursday, January 28, 1988. The plaintiff did not seek a continuance on February 1, 1988, when the motion was heard. The trial court granted the motion to dismiss the following day. At oral argument in this court, the plaintiff's counsel conceded the accuracy of this historical account.

We held in *Burton* that, when a motion to dismiss has been scheduled to be heard on a Monday, a memorandum of law filed the previous Thursday is untimely. Id., 613. It follows from our holding in *Burton* that, absent a continuance for good cause shown pursuant to Practice Book § 209, dismissal of the plaintiff's cause of action was required. This result is mandated even though the defendants did not rely on the plaintiff's procedural default until they filed their brief on appeal in this court. *Hughes* v. *Bemer,* 200 Conn. 400, 402–403, 510 A.2d 992 (1986).

There is no error.

In this opinion PETERS, C. J., HEALEY, GLASS and HULL, Js., concurred.

SHEA, J., dissenting. The dismissal of this appeal because the plaintiff was late by one day in filing his memorandum in opposition to the defendants' motion to dismiss is the third instance in which this court has applied the time limitations of Practice Book §§ 143 and 155 so rigidly as to deprive a plaintiff of the opportunity for consideration of the merits of his claim. See *Burton* v. *Planning Commission,* 209 Conn. 609, 553

A.2d 161 (1989); *Hughes* v. *Bemer,* 200 Conn. 400, 402–403, 510 A.2d 992 (1986). In this case, as in *Hughes* v. *Bemer,* supra, the failure to comply strictly with the rule was first raised when the defendants filed their brief in this appeal, having ignored the stricture of Practice Book § 4013 that an appellee wishing to rely upon an alternate ground to sustain the judgment below "shall file a preliminary statement of issues within fourteen days from the filing of the appellant's preliminary statement of the issues." The trial court never invoked § 143 in granting the motion to dismiss, but relied upon the ground that the action of the plaintiff was premature.

Except for those involving the subject matter jurisdiction of the court, procedural defects are deemed to be waived unless they are seasonably raised. *Fuessenich* v. *DiNardo,* 195 Conn. 144, 487 A.2d 514 (1985); *Frager* v. *Pennsylvania General Ins. Co.,* 161 Conn. 472, 479, 289 A.2d 896 (1971). "The supreme court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial." Practice Book § 4185. Despite the imperative language used in Practice Book §§ 143 and 155, these rules of practice cannot be deemed to transform a procedural failure into a lack of subject matter jurisdiction. Only the legislature may define the "powers and jurisdiction" of the courts of this state. Conn. Const., art. V, § 1.[1]

Accordingly, I continue to disagree with the course this court has embarked upon of treating noncompliance with §§ 143 and 155, unlike noncompliance with other rules of practice, as neither waivable by the

---

[1] Article fifth, § 1, of the Connecticut constitution provides as follows: "The judicial power of the state shall be vested in a supreme court, a superior court, and such lower courts as the general assembly shall, from time to time, ordain and establish. The powers and jurisdiction of these courts shall be defined by law."

opposing party nor excusable by the court. There is no reason to give those rules of the trial court such priority in implementation that we are compelled to disregard well established general principles of waiver as well as specific provisions of the rules of appellate procedure for this court, such as §§ 4013 and 4185.