[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE MOTION TO DISMISS (#103 and #104)
On December 14, 1989, the plaintiff, MS/C Communications, Inc., filed a three-count complaint against the defendants, Seena Hamilton d/b/a Seena Hamilton and Associates and Diana Ringstadt.
The plaintiff alleges that the defendants were the producers of a videotape of a tennis special which was scheduled to be aired in California on April 16, 1989. According to the complaint, the defendant Diane Ringstadt, acting as the agent of the defendant Seena Hamilton d/b/a Seena Hamilton and Associates, solicited, through Ward French, the services of MS/C Video (the business name of MS/C Communications, Inc.) to complete production of the videotape, and orally agreed to pay for such services. The complaint alleges that there is an outstanding balance due from defendants for services rendered by plaintiff MS/C Communications, Inc.
The first count alleges common law breach of contract, the second count alleges misrepresentation, and the third count alleges unjust enrichment. All three counts are directed to both defendants. The defendants filed a motion to strike the complaint. At the same time, the defendants filed. a motion to dismiss for lack of personal jurisdiction.
The plaintiff filed an objection to the defendants' motion to dismiss, accompanied by a memorandum of law in support. On that same date, the plaintiff filed an objection to the defendants' motion to strike, accompanied by a memorandum in support. Both motion were heard by this court and raised the following issues:
(1) Whether the defendants' motion to dismiss based on lack of personal jurisdiction should be granted. CT Page 1188
(2) Whether the defendants' motion to strike the plaintiff's complaint based on misjoinder and nonjoinder of a necessary party should be granted.
Both motions are denied for the following reasons:
I. Motion to Dismiss
Practice Book 112 sets forth the order in which pleadings are to be filed. It states that a motion to dismiss is to be filed before a motion to strike. Practice Book 113 states that "[i]n all cases, when the court does not otherwise order, the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." (Emphasis added.) Thus, generally, pleadings are not to be filed out of the order specified in 112, and the filing of a pleading listed later in the order set out by 112 waives the right to be heard on a pleading that appears earlier on the list.
The very words of 113, "when the court does not otherwise order" indicate, however, that the court has discretion to allow the filing of pleadings out of order. Section 6 of the Practice Book supports this view by allowing for the liberal interpretation of the rules where "strict adherence to them will work surprise or injustice" because the very design of the rules is "to facilitate business and advance justice."
In Burton v. Planning Commission, 209 Conn. 609, 615,553 A.2d 161 (1989), a distinction was drawn between Practice Book 143 and 155, the language of which specifically provides sanctions for failure to file documents in a timely manner, and 380, which does not contain an automatic sanction. The court held that a rule with a built-in sanction was mandatory, while one without such a sanction could be waived at the court's discretion. The presence of the language "when the court does not otherwise order" in 113 demonstrates that no such automatic sanction was intended with respect to the order of pleadings. Therefore, the trial court had discretion to overlook the simultaneous filing of the motion to dismiss and the motion to strike and to consider the motion to dismiss. Sabino v. Ruffolo, 19 Conn. App. 402, 404-05 (1989).
In accordance with the Practice Book and case law, the court in its discretion will overlook the simultaneous filing of the motion to dismiss and the motion to strike and will first consider the motion to dismiss. CT Page 1189
"The motion to dismiss shall be used to assert. . . (2) lack of jurisdiction over the person. . . ." Conn. Practice Bk. 143. "This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Conn. Practice Bk. 143.
Jurisdiction over nonresidents can be obtained as follows:
 (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state, except as to cause of action for defamation of character arising from the act; or (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state. (Emphasis added).
Conn. Gen. Stat. 52-59b.
Zartolas v. Nisenfeld, 184 Conn. 471, 474 (1981) states "[t]he Connecticut General Statutes do not define what the phrase `transacts any business' means in the context of52-59b." The Connecticut Supreme Court has noted, however, that "in enacting 52-59b, the legislature used New York Civil Practice Law 302 (McKinney 1980-81 Sup. ) as a model." Id. at 474 (citations omitted). The court, therefore, finds pertinent the judicial interpretation given to that New York Statute. Id. In accord with that interpretation, the court construes the term "transacts any business" to embrace a single purposeful business transaction. Id. To determine whether a plaintiff's cause of action arises from a CT Page 1190 defendant's transaction of business within this state, the court does not resort to a rigid formula. Id. at 477. Rather, it balances "considerations of public policy common sense, and the chronology and geography of the relevant factors." Id.
A two-part inquiry should be used when the court is faced with a motion to dismiss for lack of personal jurisdiction. See Frazer v. McGowan, 198 Conn. 243, 246 (1986). It must first be determined whether the applicable long arm statute, Conn. Gen. Stat. 52-59b, authorizes the assertion of jurisdiction over the defendants Seena Hamilton and Diane Ringstadt. See Frazer, 198 Conn. at 246. If the statutory requirements are met, it must then be determined whether the exercise of jurisdiction over the defendants would violate constitutional principles of due process. See Frazer,198 Conn. at 246.
The defendants' contention that case law has "ruled clearly and unequivocally" that communications by telephone and mail between a party in Connecticut and a party outside the State of Connecticut do not constitute doing business in Connecticut so as to subject the out-of-state party to in personum jurisdiction, is not an accurate one. The holdings in the cases to which the defendants refer are fact specific and as such do not set forth a rule of law. In the instant case the complaint alleges that the defendants called the plaintiff at its place of business in Connecticut and entered into an oral agreement for services to be rendered by the plaintiff to the defendant. The complaint alleges that these services were to be performed in Connecticut in accordance with certain time constraints, and that the defendants would pay money for these services. Based on these allegations, and based upon "considerations of public policy common sense, and the chronology and geography of the relevant factors," the defendants' conduct constitutes transacting business within the State of Connecticut. Furthermore, the exercise of jurisdiction over the defendants would not violate constitutional principles of due process. The long arm statute governing nonresidents, Conn. Gen. Stat. 52-59b, reaches the defendants Seena Hamilton and Diana Ringstadt. Accordingly, the defendants' motion to dismiss the plaintiff's complaint for lack of jurisdiction is denied.
II. Motion to Strike
"Whenever any party wishes to contest. . .(3) the legal sufficiency of such complaint, counterclaim or cross complaint, or any count thereof, because of the absence of any necessary party. . . that party may do so by filing a motion to CT Page 1191 strike the contested pleading or part thereof." Conn. Practice Bk. 152. "A motion to strike on the ground of a nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action" Conn. Practice Bk. 152. "The exclusive remedy for misjoinder of parties is by motion to strike." Conn. Practice Bk. 198.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985). "Each motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." Conn. Practice Bk. 155.
The defendants argue in their memorandum of law that Seena Hamilton has been misjoined in this action. Defendants argue that Seena Hamilton does not do business in a personal capacity as Seena Hamilton and Associates, but rather that Seena Hamilton and Associates, Inc. is a corporate entity. Defendants argue that an officer of a corporation is not liable for the obligations of the corporation merely by virtue of the fact of that they are an officer.
The defendant argue further that this complaint should be stricken for failure to join Creative Tennis-Marketing, Inc. ("CTM") an indispensable party. Defendants maintain that Diana Ringstadt is an employee of the corporate entity CTM, and at all times alleged in the complaint she was acting in the course of her employment. They contend therefore, that CTM is a necessary party to this action.
The plaintiff, in opposition to the motion to strike, argues that Seena Hamilton, by her actions, ratified her status as principal in the transactions. Plaintiff contends that Seena Hamilton was the disclosed principal in the oral contract made between Diana Ringstadt and Ward French for the plaintiff. Plaintiff contends that if Diana Ringstadt was acting within the scope of her authority as agent in the matter, then Seena Hamilton is liable for the debt incurred by her agent.
The plaintiff contends that it did not have a duty to discover information as to the existence of Seena Hamilton Associates, Inc. and/or CTM. CT Page 1192
"Agency is the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Long v. Schull, 184 Conn. 252,256 (1981), citing Restatement (Second), 1 Agency 1. "The one for whom the action is to be taken is the principal. The one who is to act is the agent." Id.
"It is clearly the law of this state that `[i]t is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of his principal, to disclose not only the fact that he is acting in a representative capacity, but also the identity of his principal, as the person dealt with is not bound to inquire whether or not the agent is acting as such for another.'" Klepp Wood Flooring Corporation v. Butterfield, 176 Conn. 528,532-33 (1979) (citations omitted). "If he would avoid personal liability, the duty is on the agent to disclose his principal and not on the party with whom he deals to discover him." Id.
The existence of an agency relationship under the Restatement (Second) of Agency is a question of fact. See Frigon v. Enfield Savings Loan Ass'n, 195 Conn. 82 (1985). The burden of proving agency is on the plaintiff. Botticello v. Stefanovicz, 177 Conn. 22 (1979). The plaintiff's complaint sufficiently alleges an agency relationship with defendant Seena Hamilton as principal. Therefore, the defendant's motion to strike on the grounds that Seena Hamilton has been misjoined is denied.
The defendants' motion to strike for failure to join CTM as an indispensable party is also denied. An indispensable party is "[o]ne without whose presence no adequate judgment can be entered determining rights of parties before a court." Black's Law Dictionary, Special Deluxe Fifth Edition @ 1979. It is the duty of the agent to disclose his or her principal. See Klepp Wood Flooring Corporation v. Butterfield,176 Conn. 528, 532-33 (1979). Since the plaintiff has alleged that Seena Hamilton was the disclosed principal, the plaintiff has alleged the necessary parties in order to prove an agency relationship, and need not have named CTM as a party.
SPEAR, JUDGE.