[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant moves to dismiss the present action based upon the doctrine of forum non conveniens; or that the court stay the proceedings in the present action pending the completion of the Pennsylvania action.
This is a tort action arising out of a single car accident on March 30, 1988, in Windsor, Connecticut. On September 14, 1988, the plaintiffs, Richard and Diane Afflerbach, filed a three-count complaint alleging that the defendant James E. Furry, operator of the motor vehicle in which plaintiff Richard Afflerbach was traveling as a passenger, negligently and carelessly permitted that vehicle to go out of control and leave the traveled portion of Route 305, thereby striking a utility pole. Plaintiffs allege that Diane Afflerbach has been deprived of the comfort, companionship and services of her husband, Richard Afflerbach, a direct result of the accident. Plaintiffs further allege that plaintiff acted deliberately or in reckless disregard in the operation of a motor vehicle.
On October 5, 1989, the defendant filed an appearance.
On February 28, 1990, the defendant, Furry, filed a motion to dismiss or stay the proceedings together with a supporting memorandum of law. The motion requested that the court dismiss the present action based on a lack of subject matter jurisdiction due to the common law principle of forum non conveniens. Defendant alleges that at the time of the accident, the defendant and the plaintiff, Richard Afflerbach, were both employees of Moore Business Forms and Systems, and acting within the scope of their employment. Defendant alleges that prior to filing the present action, that plaintiffs had filed a similar complaint against defendant in Pennsylvania, the state in which both plaintiffs and defendant reside. Defendant's memorandum is supported by a copy of the Pennsylvania case's summons and complaint. Defendant requests that if this court denies the motion to dismiss, that it stay the proceedings until the conclusion of the Pennsylvania action. CT Page 3632
On September 10, 1990, the date this motion was heard at short calendar, plaintiff filed a memorandum in opposition to the motion to dismiss or stay the proceedings.
"A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624 (1983). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Barde v. Board of Trustees, 207 Conn. 59, 62 (1988). "Regardless of the phraseology in the nature of a conclusion employed by the pleader, if the face of the record indicates that the court is without jurisdiction, the complaint must be dismissed." Upson, 190 Conn. at 626.
I. Plaintiffs' failure to timely file a memorandum in opposition to defendant's motion to dismiss.
Connecticut Practice Book 143 (rev'd to 1978, as updated to October 1, 1989), provides in pertinent part: "If an adverse party objects to this motion [to dismiss] he shall, at least five days before the motion is to be considered on the short calendar, file and serve . . . a memorandum of law." Prior to the amendment to Connecticut Practice Book 143, a party who failed to timely file a memorandum of law in opposition to a motion to dismiss was deemed to have consented to the granting of the motion. Blonder v. Hartford Helicopters, Inc., 209 Conn. 618,619 (1989). With the deletion of the foregoing provision from section 143, plaintiff's failure to timely file an opposing memorandum is not fatal. The court therefore addresses the merits of the motion.
II. The motion was properly brought based on the doctrine of forum non conveniens
"The motion to dismiss may be used to raise the doctrine of forum non conveniens." Brown v. Jewett, 4 CSCR 611, 612
(July 11, 1989, O'Connell, J.). "The common law principle of forum non conveniens provides that a court `may resist imposition upon its jurisdiction' even when it has jurisdiction." Union Carbide Corp. v. Aetna Casualty Surety Co., 212 Conn. 311, 314
(1989), citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947).
The defendant improperly stated in his motion to dismiss that the court lacked subject matter jurisdiction based upon forum non conveniens because forum non conveniens allows the court to determine that another forum is better suited to decide the issues involved where jurisdiction is proper in both forums.
Plaintiff argues that defendant has not timely filed this motion to dismiss because it was not filed within thirty CT Page 3633 days of the filing of the appearance. Connecticut Practice Book 142 (rev'd to 1978, as updated to October 1, 1989) provides in pertinent part that: "[a]ny defendant who wishes to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of any appearance." Connecticut Practice Book 144 provides in pertinent part that: "[a]ny claim of lack of jurisdiction over the person or improper venue or insufficiency of process is waived if not raised by a motion to dismiss . . . within the time provided by sec. 142."
The common law doctrine of forum non conveniens is not waived for failure to file a motion to dismiss within thirty days of the filing of an appearance because it does not contest the court's jurisdiction, venue, or insufficiency of process within the meaning of 142 and 144.
III. Forum non conveniens does not apply due to the lack of extraordinary circumstances.
The Connecticut Supreme Court recently stated:
 As a common law matter, the doctrine of forum non conveniens vests discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice . . . . [T]he guidelines stated [by the U.S. Supreme Court] in Gulf Oil Corp. v. Gilbert and restated in Piper Aircraft Co. v. Reyno, provide a useful frame of reference for the resolution of this question.
Union Carbide, 212 Conn. at 319 (citations omitted).
Since the Union Carbide holding, the Connecticut Appellate
Court has held that:
 The diverse laws, procedures and remedies available in the various states cause the doctrine to be unworkable or unjust in many instances. Therefore, except where extraordinary circumstances exist, the doctrine should not be applied by state courts. Such circumstances may include in combination, or, in some instances standing alone, multiple parties, uniform child custody statutes or other uniform statutes, long arm statutes, complex litigation, or a great geographical distance between the CT Page 3634 original forum and the locus of the cause of action. Unless such special and extraordinary circumstances exist, there is no need to undertake the analysis that the federal cases have used.
Sabino v. Ruffolo, 19 Conn. App. 402, 409-10 (1989).
Plaintiff argues that no special circumstances exist from the use of a long arm statute to gain jurisdiction over the defendant because the case involves three parties with a relatively simple and straight forward one-car accident and does not involve any uniform acts.
In Union Carbide Corp., the Connecticut Supreme Court upheld a dismissal for forum non conveniens wherein the case concerned jurisdiction by connecticut's long arm statute, multiple parties, complex litigation, and a plaintiff amenable to having the action proceed elsewhere. Sabino, 19 Conn. App. at 407. In the present case there are few parties, the litigation is simple, and plaintiff does not have available in Pennsylvania the remedy available in Connecticut, a statute which would allow plaintiff to sue a fellow employee for negligence in the operation of a motor vehicle. See Conn. Gen. Stat. 31-293a (rev'd to 1989).
Due to the lack of exceptional circumstances herein, the motion to dismiss is denied.
IV. Court has discretion to grant a stay of proceedings
Defendant maintains in his motion to dismiss that if the court denies the motion to dismiss, it should stay the present action until the completion of the Pennsylvania action. Plaintiffs offer to suspend or withdraw their action in Pennsylvania in their Memorandum in Opposition and supporting exhibit.
The Connecticut Appellate Court has refused to give an opinion as to whether a stay should be granted in a similar situation and stated that:
 In the interests of judicial economy, a court may, in the exercise of its discretion, order that [a] second action be stayed during the pendency of the first action, even though the actions are pending in different jurisdictions. Where an action is pending in one state, the court of another state in which another action, involving the same parties and subject matter, is brought, may grant a stay of proceedings in the latter action, unless plaintiff will consent to stay CT Page 3635 or dismiss the second action in the other state but such a stay is not a matter of right and is not required, but rests within the discretion of the court in the exercise of which it must see that injustice is not done; and a stay should not be ordered if the opportunity to obtain satisfaction in the foreign suit is not as good as the domestic suit, or that it appears that the foreign suit was merely to forestall the domestic suit.
Sauter v. Sauter, 4 Conn. App. 581, 584-85 (1985) (emphasis added) (citations omitted).
The decision whether or not to grant a stay of proceedings is completely within this court's discretion. A Stay of Proceedings is Denied.
Hennessey, J.