[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION TO DISMISS #114
ISSUE
Whether the court should grant the motion to dismiss of Jeffrey A. and Lorraine Snelgrove on the ground that the plaintiff may not maintain this action because it lacks a Certificate of Authority to do business in the State of Connecticut.
FACTS
The plaintiff, Advanta Leasing Corporation of Voorhees, New Jersey, commenced this action seeking payments due under a lease executed by the defendant Lynch Waste Removal and guaranteed by the defendants Jeffrey A. Snelgrove and Lorraine Snelgrove (the "Snelgroves").
The Snelgroves now move to dismiss this action because the plaintiff does not have a Certificate of Authority to transact business in the State of Connecticut as required by General Statutes Sec. 33-396 and therefore, pursuant to General Statutes Sec. 33-412, cannot maintain this action.
DISCUSSION
Practice Book Sec. 143 provides, in pertinent part:
 "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process.
CT Page 4881
Burton v. Planning Commission, 209 Conn. 609, 611 n. 2 553, A.2d 161 (1989). "The motion to dismiss. . . `admits all facts well pleaded, invokes the existing record and must be decided upon that alone.'" Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988).
The alleged deficiency does not assert any of the matters enumerated in Practice Book Sec. 143. The failure of the plaintiff to have a Certificate of Authority is properly pled as a special defense. See Practice Book Sec. 164.
CONCLUSION
The court denies the motion to dismiss because the failure of the plaintiff to have a Certificate of Authority does not deprive the court of jurisdiction over the subject matter of the controversy or over the defendants.
AUSTIN, J.