ISSUE
Whether the court should deny the plaintiff's motion to dismiss because it does not assert the lack of jurisdiction of the court, improper venue, insufficiency of process or insufficiency of service of process, because it is untimely and because it is not accompanied by a memorandum of law.
FACTS
The following facts are alleged in the complaint, #108 (Although this document is entitled "Counterclaim," it is signed by the plaintiff and takes the form of a complaint). On or about August 1, 1989, the plaintiff, Michael J. Sternberg, and the defendant, Betty Ann Botham, entered into an agreement whereby the plaintiff agreed to construct an addition to the defendant's house and perform other renovation work. Actions of the defendant rendered performance of this work by the plaintiff impossible. The defendant did not meet her obligations under the contract, resulting in the failure of the plaintiff to complete the agreed upon work in a timely fashion. The defendant has refused, despite the attempts of the plaintiff, to remedy the situation. The plaintiff has suffered monetary loss and damage to his reputation and is seeking money damages.
The defendant[1] has filed a counterclaim, #103. The following facts are alleged therein. On or about January 13, 1990, the plaintiff and the defendant entered into an agreement whereby the plaintiff agreed to construct an addition to the defendant's house and perform other renovation work. The plaintiff performed the agreed upon work in a negligent manner. The defendant alleges that this negligent work, and the failure to repair it, constitutes a breach of contract, breach of warranty and a violation of the Connecticut Unfair Trade Practices Act and that the plaintiff's actions have reduced the fair market value of the defendant's house and will cost great sums of money to repair.
The defendant filed an appearance on January 29, 1991. CT Page 5351
The plaintiff now moves the court to dismiss the defendant's counterclaim on the ground that the contract on which the defendant is seeking damages was between the defendant and a corporate entity, M. J. Sternberg, Inc., not the plaintiff, and therefore the action was brought against the wrong party. The plaintiff has not Sled a memorandum of law in support of his motion. This motion was filed on April 14, 1992.
DISCUSSION
The defendant argues that the court should deny the plaintiff's motion to dismiss because the motion does not assert the lack of jurisdiction of the court, improper venue, insufficiency of process or insufficiency of service of process, because it is untimely and because it is not accompanied by a memorandum of law. Practice Book Sec. 142 provides:
 "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so within thirty days of the filing of an appearance. Except in summary process matters, the motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion, unless the court directs otherwise."
McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 517 n. 6,590 A.2d 438 (1991). Practice Book Sec. 143 provides:
 The motion to dismiss shall be used to assert: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record.
Burton v. Planning Commission, 209 Conn. 609, 611 n. 2,553 A.2d 161 (1989).
The plaintiff's motion fails to comply with Practice Book Secs. 142 and 143 in the following ways. The motion was not filed within thirty days of the defendant's appearance and does not address the subject matter jurisdiction of the court. The motion does not assert any of the five subjects addressed in Practice Book Sec. 143. No memorandum of law was filed in support of the plaintiff's motion.
CONCLUSION CT Page 5352
The court denies the plaintiff's motion to dismiss because it does not assert the lack of jurisdiction of the court, improper venue, insufficiency of process or insufficiency of service of process, because it is untimely and because it is not accompanied by a memorandum of law.