[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#112.51)
The following facts are based on the contents of the record. The plaintiffs, Angus McDonald and Gary CT Page 8086 Sharpe, commenced this action by causing process to be served on the defendants, Dennis H. Marlowe, Donald F. Snow, Jr. and Marlowe, Snow Atticks, P.C., on December 16, 1991. The return date on the summons form is January 7, 1992. The writ, summons and complaint were returned to court on December 23, 1991. The sheriff filed his return of service on February 13, 1992. (Sheriff's Return, #102.)
Defendants Dennis H. Marlowe and Marlowe, Snow Atticks, P.C. (the "defendants"), now move to dismiss the complaint on the ground that the failure to file a return of service within six days before the return day violates the provisions of General Statutes sec. 52-46a.
Practice Book Sec. 143 provides:
 "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record."
Burton v. Planning Commission, 209 Conn. 609, 611 n. 2,553 A.2d 161 (1989).
The defendants argue that the failure of the sheriff to file his return of service within six days of the return date violates General Statutes Sec. 52-46a and renders the complaint susceptible to a motion to strike. General Statutes Sec. 52-46a provides:
 Process in civil actions returnable to the supreme court shall be returned to its clerk at least twenty days before the return day and, if returnable to the superior court, except process in summary process actions, to the clerk of such court at least six days before the return day.
Process is defined in General Statutes Sec. 52-45a:
 Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the CT Page 8087 parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint. The writ may run into any judicial district and shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable.
See also Practice Book Sec. 49. Because the plaintiffs returned the writ, summons and complaint to court more than six days before the return day, the plaintiffs have complied with the provisions of General Statutes Sec. 52-46a. There is no requirement in General Statutes Sec. 52-46a that the sheriff's return of service accompany the writ, summons and complaint on their return to court.
For all the foregoing reasons, the court denies the defendants' motion for summary judgment because the plaintiffs' return of service was proper.
HIGGINS, J.