[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before the court is whether in an interstate contracts dispute this court has personal jurisdiction over a nonresident defendant where the plaintiff's only proof of the defendant's contacts with Connecticut is the plaintiff's allegation that the defendant is licensed to practice law before the U.S. District Court for the District of Connecticut.
It is found that this court should grant the nonresident defendant's motion to dismiss on the grounds that the plaintiff failed to timely object to the defendant's motions to dismiss, as required by Practice Book, Sec. 143.
The plaintiff is a corporation with a business address in Oxford, Connecticut. The defendant is an individual residing in New York. The CT Page 11121-F plaintiff contends that the defendant contracted with it to perform soil testing services on the defendant's property located in New York. The plaintiff brought suit before this court on June 16, 1992, claiming breach of contract and unjust enrichment.
On July 8, 1992, the defendant filed a motion to dismiss both causes of action on the ground that this court lacks personal jurisdiction over the defendant and that the plaintiff improperly served process on the defendant. The court scheduled the motion to be heard on short calendar July 27. On July 24, the plaintiff filed its objection to the motion to dismiss. The objection alleges that this court has jurisdiction over the defendant because the defendant is licensed to practice law before the U.S. District Court for the District of Connecticut.
The first issue the court must face is how to treat the plaintiff's untimely objection to the defendant's motion to dismiss. On July 8, 1992, the defendant moved to dismiss the plaintiff's complaint on the grounds that (1) the Superior Court lacks personal jurisdiction over the defendant, and (2) that the plaintiff improperly served process on the defendant. See Practice Book, Sec. 143(2), (4). The court scheduled the motion for argument at the short calendar held Monday, July 27. The plaintiff filed its objections to the motion on Friday, July 24, just three days before short calendar.
When a motion to dismiss has been properly placed before the court,
 [if] an adverse party objects to . . . [the] motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record.
Practice Book, Sec. 143.
According to the Practice Book, to object timely to the defendant's motion, the plaintiff should have filed its objection not later than Wednesday, July 24. Prior to the 1989 amendment of Practice Book Sec., 143, a plaintiff's failure to comply with the five-day rule, for whatever reason, mandated that the court grant the motion. Practice Book, Sec. 143 (1988). The Supreme Court interpreted language in Sec. 143 to impute consent to the motion on behalf of a party that failed to object in a timely fashion. Burton v. Planning Commission, 209 Conn. 609,553 A.2d 161 (1989).
The 1989 amendment to Sec. 143 appears calculated to allow courts CT Page 11121-G the discretion to consider an objection that fails to comply with the five-day rule. W. Moller W. Horton. 1 Connecticut Practice Book Annot., Sec. 143 (Supp. 1992). The amendment removes language from the section that stated: "one who fails timely to file such (an objection) . . . shall be deemed by the court to consent to the granting of the motion." Practice Book, Sec. 143 (1988). The removal of this mandatory language has the effect of giving the court discretion to consider the objection. See Pepe v. New Britain, 203 Conn. 281,287-88, 524 A.2d 629 (1987). This amendment does not mandate that the court consider an untimely objection. Id. Rather, it appears to eliminate the hardship seen in cases like Burton, where despite substantial compliance with the five-day rule, the court imputed consent to a motion because of the opponent's failure to conform strictly to the terms of the rule. Moller Horton Sec. 143 note. In this case, there is no evidence before the court regarding why the opposition was filed late, nor is there any showing that the plaintiff substantially complied with the five-day rule. Rather, the plaintiff filed its objection on a Friday to answer a motion scheduled to be heard the following Monday. It is clear that the court may grant the motion to dismiss for failure of the plaintiff to comply with the five-day rule. CT Page 11122