[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The facts as established from the pleadings are as follows. On April 10, 1990, the plaintiff, Cher Fitzmorris, filed a complaint with the Commission on Human Rights and Opportunities the ["CHRO"] alleging that the defendant, Alliance of Guardian Angels [the "Guardian Angels"], discriminated against her on the basis of sex in violation of General Statutes 46a-60(a)(1),46a-64(a) and 46a-58. The plaintiff alleged that the Guardian Angels denied her application for admission on the basis that she was a female.
The CHRO held hearings on March 25, 1992 and April 2, 1992. At the hearing on April 2, 1992, the parties entered into a stipulated agreement. On May 4, 1992, the presiding hearing officer filed an order incorporating the stipulated agreement. CT Page 10413 The stipulated agreement provided that:
 (1) The Guardian Angels will continue to actively recruit and admit women to all Connecticut chapters.
 (2) The Guardian Angels will admit Cher Fitzmorris immediately to training in either the New Haven or Bridgeport chapter and allow her to qualify as a full volunteer member.
 (3) The Guardian Angels will pay Cher Fitzmorris' attorney fees in the amount of $2500.00.
On June 8, 1992, the CHRO demanded full compliance with the hearing officer's order. The defendant failed to comply with the order and on August 26, 1992, counsel for the CHRO filed a petition pursuant to General Statutes 45a-95 for enforcement of the order.
The enforcement proceeding was originally scheduled for September 14, 1992. However, the proceeding was continued until October 13, 1992 to allow the defendant to obtain counsel.
On October 2, 1992, the defendant filed a motion to dismiss the plaintiff's complaint on the grounds that the CHRO has no standing to bring an enforcement action pursuant to General Statutes 46a-95(a), and therefore, the court lacks subject matter jurisdiction. On October 16, 1992, the plaintiff filed a memorandum of law in opposition to the defendant's motion to dismiss.
"A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). Any defendant may contest the court's subject matter jurisdiction by filing a motion to dismiss. Practice Book 142, 145. Any party who objects to the motion to dismiss "shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record." (Emphasis added.) Practice Book 143.
During oral argument at short calendar on October 19, 1992, the defendant argued that since the plaintiff's memorandum in opposition was not timely filed, the court is required to grant CT Page 10414 the motion to dismiss. In support of its position, the defendant relies on the Supreme Court's decision in Burton v. Planning Commission, 209 Conn. 609, 533 A.2d 161 (1989).
In Burton, supra, the court held that a failure to timely file a memorandum in opposition required the court to grant the motion to dismiss. At that time, Practice Book 143 provided, in relevant part, that "[a]n adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion." However, 143 has "been amended so that a party who files an untimely memorandum is no longer deemed to consent to the granting of a motion made under [143]." Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 13 n. 1,578 A.2d 646 (1990). A trial court is no longer required to dismiss the case where the plaintiff's memorandum in opposition is not filed in a timely manner. The court now turns to the merits of the defendant's motion to dismiss.
A motion to dismiss is proper where there is lack of jurisdiction over the subject matter. Practice Book 143 (1). Subject matter jurisdiction is the power of the court "`to hear and determine cases of the general class to which the proceedings in question belong.'" Castro v. Viera, 207 Conn. 420,433, 541 A.2d 1216 (1988). "The Superior Court lacks subject matter jurisdiction only is it has no competence to entertain the action before it." Bridgeport v. Debek,210 Conn. 175, 180, 554 A.2d 728 (1989).
"Standing goes to the court's subject matter jurisdiction." Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294,533 A.2d 208 (1987). "In the determination of standing the primary focus is on whether the party bringing the complaint, is the proper party to request an adjudication of the issue and, not whether the issue itself if justiciable." Civil Service Commission v. Pekrul, 41 Conn. Sup. 302, 307, 571 A.2d 715
(1990), citing Flast v. Cohen 392 U.S. 83, 99-100 (1968).
The defendant moves to dismiss the instant action on the grounds that the court lacks subject matter jurisdiction. The defendant argues that the CHRO lacks standing to bring an enforcement action under General Statutes 46a-95(a). Section46a-95(a) provides, in pertinent part, that "[t]he commission may, through the attorney general or, where the respondent is an agency or officer of the state, the commission counsel, petition CT Page 10415 the court . . . for the enforcement of any order issued by a presiding officer. . . ." Therefore, the defendant asserts that since the respondent is not "an agency or officer of the state," only the attorney general has standing to petition the court for enforcement of a commission order.
The CHRO maintains that, while 46a-95(a) may not expressly authorize the commission counsel to petition the court under the instant facts, 46a-95(a) should be read in conjunction with46a-55, which enables the commission counsel to petition the court to enforce an order of the commission. Section 46a-55
provides, in relevant part, that "[t]he commission counsel shall represent the commission in any proceeding wherein any state agency or state officer is an adversary party and may represent the commission in such other matters as the commission and the attorney general may jointly prescribe." (Emphasis added.)
In December 1983, the Office Of The Attorney General and the Connecticut Commission On Human Rights and Opportunities entered into a Memorandum of Understanding concerning 46a-55
whereby they jointly agreed that commission counsel would represent the CHRO in all cases involving discriminatory employment practices, including injunctions and appeals. See Plaintiff's Memorandum in Opposition, Exhibit B. The plaintiff argues that this understanding authorizes the commission counsel to petition the court in matters such as this. Plaintiff further submits an affidavit of Philip A. Murphy, Jr., Legal Counsel of the CHRO since 1975, who states that "since 1983 the Commission Counsel has brought all employment discrimination enforcement actions in the Superior Court pursuant to Conn. Gen. Statute 45a-55 and the December 1983 Memorandum of Understanding".
The following portions of Conn. Gen. Statute 3-125 sets forth the duties of the attorney general who "shall have general supervision over all legal matters in which the state is an interested party, shall appear for all heads of departments and state boards, commissioners, agents, inspectors, committees," etc. "All legal services required by such officers and boards in matters relating to their official duties shall be performed by the attorney general or under his direction." "All suits or other proceedings by such officers shall be brought by the attorney general or under his direction." "He may procure such assistance as he may require." CT Page 10416
The court finds that the right to enforce an order of a hearing officer regarding discriminatory employment practices is permitted in accordance with Conn. Gen. Statutes 46a-95(a),46a-55 and 3-125. Commission counsel may represent the commission in this matter.
The Motion to Dismiss is denied.
BALLEN, JUDGE