[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS #102
On July 16, 1992, the plaintiff, Michael W. Flanagan, filed a seven count complaint against the defendants, Baybanks Credit Corporation (Baybanks) and American Lenders Service Company of Hartford (American Lenders). In the plaintiff's complaint, he alleges that on July 13, 1990, in Middletown, Connecticut, the defendant, American Lenders, acting as an agent for the defendant, creditor, Baybanks, wrongfully attempted to repossess the plaintiff's 1986 Chevrolet pick-up truck. During American Lenders' alleged attempt to start the subject vehicle, the vehicle caught fire and was completely destroyed.
On September 17, 1992, the defendant, American Lenders, filed a timely motion to dismiss for insufficiency of service of process accompanied by a memorandum of law and the affidavit of Cesar A. Noble, defendant's agent for service, dated September 22, 1992. The defendant argues that the service of process was insufficient, pursuant to General CT Page 498 Statutes Sec. 33-297(b).
On November 20, 1992, the plaintiff filed a timely memorandum in opposition, pursuant to Practice Book Sec. 143, accompanied by the affidavits of Francis M. DeLucco, Chief Deputy Sheriff, dated July 10, 1992 and October 16, 1992, respectively. The plaintiff argues that the service of process was sufficient, pursuant to General Statutes Sec. 33-297(b).
The purpose of the motion to dismiss is to test the jurisdiction of the court. See Reynolds v. Soffer, 183 Conn. 67,68, 438 A.2d 1163 (1981). Practice Book Sec. 143 provides that "[a]ny defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so within thirty days of the filing of an appearance." McCutcheon Burr, Inc. v. Berman, 218 Conn. 512,517 n. 6, 590 A.2d 438 (1991). Practice Book Sec. 143 provides in relevant part that "[t]he motion to dismiss shall be used to assert . . . insufficiency of service of process." Burton v. Planning Commission, 209 Conn. 609, 611 n. 2,553 A.2d 161 (1989).
 The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction. (Citation omitted.)
Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53,459 A.2d 503 (1983). "Service of process on a party in accordance with the statutory requirements is a prerequisite to the court's exercise of in personam jurisdiction over persons who have not been made parties to the action before it." (Citation omitted.) General Motors Acceptance Corporation v. Pumphrey, 13 Conn. App. 223, 227-28, 535 A.2d 396 (1988).
The defendant argues that the present service of process was insufficient, pursuant to General Statutes Sec. 33-297(b). General Statutes Sec. 33-297(b) provides that CT Page 499
 [i]f it appears from the records of the secretary of state that such a corporation has failed to appoint or maintain a statutory agent for service, or if it appears by affidavit endorsed on the return of the officer or other proper person directed to serve any process, notice or demand upon such a corporation's statutory agent for service appearing on the record of the secretary of the state that such agent cannot, with reasonable diligence, be found at the address shown on such records as the agent's address, service of such process, notice or demand on such corporation may, when timely made, be by such officer or other proper person by: (1) Leaving a true and attested copy thereof together with the required fee at the office of the secretary of the state or depositing the same in the United States mails, by registered or certified mail, postage prepaid, addressed to such office, and (2) depositing in the United States mails, by registered or certified mail, postage prepaid, a true and attested copy thereof, together with a statement by such officer that service is being made pursuant to this section, addressed to such corporation at its principal office.
General Statutes Sec. 33-297(b).
The defendant argues that General Statutes Sec. 33-297(b) requires the exercise of reasonable diligence in locating the defendant corporation's agent for service. In his affidavit, the defendant's agent for service, Cesar A. Noble, states that he was in his office of record, during normal business hours, on July 10, 1992. On the same date, Chief Deputy Sheriff, Frances M. DeLucco, states in his affidavits, that he was unable to locate Noble at this address.
The plaintiff argues that the service of process was CT Page 500 proper, pursuant to General Statutes Sec. 33-297(b), because the sheriff exercised reasonable diligence in attempting to locate Noble.
Neither party provides any legal authority nor analysis as to what does or does not constitute "reasonable diligence," pursuant to General Statutes Sec. 33-297(b). The meaning of "reasonable diligence," as used in General Statutes Sec. 33-297(b), has not been interpreted by the Connecticut courts. Therefore, in the absence of contrary authority, the court infers reasonable diligence was used when the sheriff has complied with the statutory requirements of General Statutes Sec. 33-297(b).
On July 10, 1992, with the provisions of General Statutes Sec. 33-297(b) by attempting to deliver service of process upon Noble at the address on file with the office of the Secretary of the State. Although the sheriff only made one attempt to serve Noble, a single attempt, made in good faith, is sufficient to satisfy the "reasonable diligence" requirement under the statute. In accordance with General Statutes Sec. 33-297(b), the sheriff, by affidavit, dated July 10, 1992, states that
 on the 10th day of July, 1992, I made diligent search throughout my precincts to locate Cesar A. Noble, Agent for Service for the within named defendant, AMERICAN LENDERS SERVICE COMPANY OF HARTFORD, but I was unable to find said defendant. Said search was made in the town of Hartford.
In the sheriff's affidavit, dated October 16, 1992, he states in greater detail that
 [o]n the 10th day of July, 1992, I entered the office of Cesar A. Noble, the registered Agent for Service for the defendant, American Lenders Service Company of Hartford, located at 241 Main Street, Hartford, CT. I identified myself to a female receptionist and asked for Cesar A. Noble stating that he was Agent for Service for American Lenders Service CT Page 501 Company of Hartford. The female receptionist stated that Mr. Noble was not in and she did not know when he was expected. There was also an unidentified gentleman in the room, who stated to me that he could not accept service because Mr. Noble is the Agent for Service.
 Due to the fact that I was unable to determine when Mr. Noble would be available to accept service at his office and I did not have his home address, I made service upon the defendant pursuant to Sec. 33-297(b) [sic] of the Connecticut General Statutes. It was at that time and is at the present time, my firm belief that Mr. Noble would not be reachable prior to July 13, 1992, which was the statute date.
The defendant's argument that the plaintiff failed to exercise reasonable diligence in attempting to locate the defendant's agent for service, pursuant to General Statutes Sec. 33-297(b), is based on Noble's statement, contained in his affidavit, that he was present at his office, during normal business hours, on July 10, 1992. Both the sheriff's affidavits and Noble's affidavit are not essentially inconsistent because Noble's secretary could have been mistaken or misinformed when she told the sheriff that Noble was not in his office, on the date in issue. Although the sheriff delayed attempting to deliver the service of process until three days before the statutory deadline, there is no authority which holds that his practice constitutes a lack of reasonable diligence, on the part of the sheriff, in attempting to locate the defendant's agent for service.
The sheriff complied with General Statutes Sec. 33-297(b), subsections (1) and (2), by providing timely service upon the office of the Secretary of the State of Connecticut and, by certified mail including a statement that service was being made pursuant to General Statutes Sec. 33-297(b), provided service of process directly upon the defendant corporation at its principal place of business. CT Page 502
The Connecticut Supreme Court has decided that where a sheriff's notice is signed and filed, in accordance with the applicable service of process statute, i.e., General Statutes Sec. 33-297(b) or Sec. 52-57, it is prima facie evidence of proper and sufficient service of process. See Jowdy, supra. Further, a Connecticut court will exercise every presumption in favor of its jurisdiction. Id. The defendant has failed to overcome the presumption concerning the sufficiency and validity of the present service of process.
Based on the aforementioned discussion, the court denies American Lenders' motion to dismiss for insufficiency of service of process.
JOHN WALSH, J.