SOUTHPORT MANOR CONVALESCENT CENTER, INC., ET AL. *v.* BRIAN FOLEY
(7548)

DALY, O'CONNELL and NORCOTT, Js.

Argued September 13—decision released November 14, 1989

*Dion W. Moore,* with whom were *James T. Shearin* and, on the brief, *Dwight F. Fanton,* for the appellants (plaintiffs).

*Jeanine M. Dumont,* with whom, on the brief, were *Louis R. Pepe* and *James G. Green,* for the appellee (defendant).

O'CONNELL, J. The plaintiffs appeal from the trial court's judgment granting the defendant's motion to dismiss. This is the third time that this court has been called upon to review various aspects of the underlying dispute. The genesis of this litigation lies in a contract in which the plaintiffs in this action, the Southport Manor Convalescent Center and its president, agreed to convey a nursing home located in Fairfield to Brian J. Foley, the defendant.[1] The details of this contract are set out in *Foley* v. *Southport Manor Convalescent Center, Inc.,* 11 Conn. App. 530, 532, 528 A.2d 841 (1987), cert. denied, 205 Conn. 805, 531 A.2d 935 (1987) (*Foley I*). The next appeal concerned problems relating to a supplemental judgment and is detailed in *Foley*

---

[1] The parties have, at different times, reversed roles in this litigation.

v. *Southport Manor Convalescent Center, Inc.,* 19 Conn. App. 239, 561 A.2d 978 (1989) *(Foley II)*. In the present case, *Foley III,* the plaintiffs seek a declaratory judgment. At least one other action has been spawned by the underlying facts and is now pending in the trial court.[2]

This abundance of litigation produced a convoluted and tautological statement of facts. For the sake of clarity, however, we will start with a bare bones recital of those facts necessary to resolve the issue before us. Additional facts are included as necessary in our analysis.

The plaintiffs laid the foundation for the current issue when they brought an action for a declaratory judgment in the judicial district of Stamford-Norwalk. The defendant filed a motion to dismiss, the grounds for which are irrelevant here. On November 12, 1987, the court, *Gerety, J.,* granted the motion on the ground that the plaintiffs had failed to file a memorandum of law in opposition at least five days before the motion was to be argued. Practice Book § 143; *Burton* v. *Planning Commission,* 209 Conn. 609, 614, 553 A.2d 161 (1989); *Hughes* v. *Bemer,* 200 Conn. 400, 402, 510 A.2d 992 (1986) *(Hughes I)*. The plaintiffs did not appeal Judge Gerety's decision but instead commenced an identical action in the judicial district of Fairfield. The defendant again moved to dismiss, this time on the ground that Judge Gerety's dismissal of the first action barred the second suit because of the doctrine of res judicata. The court, *Melville, J.,* agreed and granted the motion. It is from that judgment that the plaintiffs appeal.

The plaintiffs claim that Judge Gerety's decision dismissing the first suit does not bar this action because the judge raised, sua sponte, the requirement of Prac-

---

[2] *Foley* v. *Huntington,* Superior Court for the judicial district of Fairfield, Docket No. CV 87-0246145S (pending).

tice Book § 143 after the defendant had orally waived it. They also assert that the dismissal was based on purely technical grounds and therefore cannot be considered to be a judgment on the merits. Thus, the dispositive issue is whether a dismissal for failure to file a timely opposition memorandum amounts to a judgment on the merits that bars relitigation because of res judicata. We conclude that it does and find no error.

At all times relevant to this case, Practice Book § 143 required that a memorandum in opposition to a motion to dismiss be filed "at least five days before the motion is to be considered on the short calendar," and, if a party failed to file such a memorandum in a timely manner, it "shall be deemed by the court to have consented to the granting of the motion."[3] Our Supreme Court has clearly indicated that such a judgment, "though not necessarily a determination on the merits, is nevertheless a final judgment whose issues are thereafter res judicata as between the parties." *Hughes* v. *Bemer,* 206 Conn. 491, 495, 538 A.2d 703 (1988) (*Hughes II*). We recognize that *Hughes II* interpreted Practice Book § 155. Its analysis, however, applies equally to the identical language of § 143. *Burton* v. *Planning Commission,* supra.

The plaintiffs claim that Judge Gerety erred by raising the five day memorandum rule sua sponte, particularly in view of the defendant's specific oral waiver of the five day requirement. The validity of Judge Gerety's decision, including the propriety of raising the five day requirement sua sponte, is not before us. See

---

[3] Practice Book §§ 143 and 155 have been amended so that a party who files an untimely memorandum is no longer deemed to consent to the granting of a motion made under either section. The amendments took effect on October 1, 1989. Judge Gerety's decision became final on December 7, 1987, when the twenty day appeal period expired. Practice Book § 4009. "After the rendition of judgment, an action is no longer 'pending.' " *Schenck* v. *Pelkey,* 176 Conn. 245, 251, 405 A.2d 665 (1978). Accordingly, the changes in the rules of practice have no effect on Judge Gerety's decision.

*Lo Sacco* v. *Young,* 210 Conn. 503, 555 A.2d 986 (1989) (where the issue of waiver was properly raised). Since the plaintiffs failed to take a timely appeal from Judge Gerety's decision it became final and binding upon them.[4] Practice Book § 4009.

The plaintiffs point out that, prior to Judge Melville's dismissal, an identical motion to dismiss had been denied by the court, *Stodolink, J.* It is well established that a "judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." *Breen* v. *Phelps,* 186 Conn. 86, 99, 439 A.2d 1066 (1982). The plaintiffs, however, rely too heavily on *Breen.* The law does not prohibit a judge from rendering a decision contrary to that of a predecessor if the matter comes before him in the regular course of judicial proceedings, and he is convinced that the law applied by the earlier judge was clearly erroneous. Id., 100. In the time between Judge Stodolink's decision and Judge Melville's decision, our Supreme Court decided *Hughes II,* supra. Judge Stodolink applied the law as it existed at the time of his decision and Judge Melville decided the motion based upon the law as clarified by *Hughes II.*[5]

We recognize that the defendant waived the benefit of § 143 and did not rely upon it in the trial court. That fact, however, did not relieve the trial court of its duty to dismiss the case for want of compliance with § 143. *Blonder* v. *Hartford Helicopters, Inc.,* 209 Conn. 618, 620, 552 A.2d 427 (1989).

Dismissal pursuant to § 143 is not a technical matter of form. *Hughes II,* supra, 495. When the required memorandum of law is not timely filed, the plaintiffs

---

[4] See footnote 3, supra.

[5] We do not imply that a change in the law is necessary for a second judge not to be bound by a decision of another judge at an earlier stage of the proceedings. See *Breen* v. *Phelps,* 186 Conn. 86, 100, 439 A.2d 1066 (1982).

are deemed to have consented to the granting of the motion to dismiss, and the resulting judgment has the same effect as if the case had been tried on its merits. Accordingly, Judge Gerety's dismissal under § 143 created a proper res judicata defense, and therefore the plaintiffs are barred from reinstituting their action.

There is no error.

In this opinion the other judges concurred.