[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The issue presented is whether the court should grant the plaintiff's motion to strike in its entirety on the ground that the defendant should have raised any objections to the Hearing Officer's order by means of an appeal.
The court concludes that the plaintiff's motion to strike portions of the defendant's answer must be denied because a request to revise is the proper pleading to address non-responsive sections of a pleading. The court further concludes that the court may not consider the issues raised by the defendant's special defenses and counterclaim because the defendant could have raised said issues by an appeal pursuant to General Statutes Section 46a-94a and because section 46a-95, the section under which the present action was commenced, does not permit the court to consider issues which could have been raised CT Page 10035 on appeal.
On May 16, 1985, Walter Buczko filed an administrative complaint with the Commission on Human Rights and Opportunities ("CHRO"), charging his former union, Teamsters Union Local 536 ("Teamsters") with employment discrimination on the basis of marital status in violation of General Statutes Section46a-60 (a)(1). As subsequently amended, Buczko's complaint charged that the Teamsters and the Health Services and Insurance Fund denied him health insurance coverage for his minor child solely because of his marital status (single) and sex (male), while routinely providing such coverage to married persons of either sex or to unmarried females.
Following a public hearing the Hearing Officer found that the Teamsters had discriminated against Buczko and ordered the respondents to pay Buczko his out-of-pocket insurance costs incurred to obtain insurance he was wrongfully denied, sum equal to the wages he lost because of his attendance at hearings concerning his claim, out-of-pocket expenses incurred by Buczko in pursuit of his claim, and interest at the Connecticut statutory rate until payment is received. Excluding interest this amount now totals $3,535.77.
Respondents neither filed an appeal of the Hearing Officer's decision under General Statutes Section 46a-94a, as was their right, nor complied with the Hearing Officer's orders. Consequently, upon expiration of the appeal period; the CHRO demanded payment from the respondents of the amounts specified in the Hearing officer's order. Respondents have refused to pay.
Plaintiff followed with this enforcement action pursuant to General Statutes Section 46a-95 (a). On June 26, 19901 [sic] the CHRO filed a petition with this court seeking a decree enforcing the Hearing Officer's decision and a judgment ordering the respondents to pay Buczko the sums indicated in the Hearing Officer's order, plus 10-percent interest from the date of the order.
In response to the Commission's petition, respondents have raised two special defenses and a counterclaim in their answer dated June 4, 1990. Portions of respondent's answer also challenge the validity of the Hearing Officer's order. The first special defense alleges that the court lacks subject matter jurisdiction over the complaint because the court's jurisdiction is pre-empted by 29 U.S.C. § 514 (a) of ERISA. The second special defense simply alleges a lack of jurisdiction because "[t]his action was not filed within the period allowed by the applicable statute of limitations." CT Page 10036
Defendant's counterclaim has three counts. Count one attacks the Hearing Officer's decision not to dismiss plaintiff's complaint as an abuse of discretion which was not supported by substantial evidence. The second count attacks the Hearing Officer's decision not to dismiss plaintiff's complaint on the ground that the plaintiff exceeded the statutory time limitations for filing its complaint pursuant to General Statutes Section 46a-82 (e). The third count attacks the Hearing Officer's ruling not to dismiss plaintiff's complaint on the ground that the Commission's jurisdiction was pre-empted by 29 U.S.C. § 514 (a) of ERISA. In response, plaintiff filed a motion to strike all but the first sentence of the answer to paragraph three, the final sentence of defendant's answer to paragraph four the first and second special defenses and the first; second and third counts of the counterclaim on the ground that the defendant seeks to attack collaterally a final order of an administrative agency which should have been appealed directly by respondents to this court and, consequently, are barred by the doctrine of res judicata.
Pursuant to Practice Book Section 155, the plaintiff has filed a memorandum of law in support of the motion. The defendant has failed to file a memorandum of law as required by the above mentioned section.
The "purpose and scope of a motion to strike are identical to those of a demurrer." Cavallo v. Derby Savings Bank,188 Conn. 281, 283, 449 A.2d 986 (1982). "The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 434 (1982).
Connecticut Practice Book Section 155 as amended provides:
 Each motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies.
 If an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law.
Prior to this amendment (October 1, 1989) the adverse party who failed to timely file the memorandum was deemed by the court to have consented to the granting of the motion. See Hughes v. Bemer, 206 Conn. 491, 538 A.2d 703 (1988). Section 155 was amended so that the failure to timely file an opposing CT Page 10037 memorandum will not necessarily be fatal and the court may address the merits. See Southport Manor Convalescent Center, Inc. v. Foley, 20 Conn. App. 223, 226, n. 3, 565 A.2d 878 (1989). "However, despite the amendment to Connecticut Practice Book Section 155, the filing of a memorandum in opposition to a motion to strike is mandatory and failure to file such may still serve as a ground for granting a motion to strike." Olshefski v. Stenner, 2 Conn. L. Rptr. No. 12, 369 (October 15, 1990, Clark, J.). "Thus although this is still a ground for granting the motion, the court has the discretion to waive the failure to file the memorandum in opposition." Rephan v. Clohessy Building Company, Inc., 3 Conn. L. Rptr. No. 17, 561 (April 22, 1991, McKeever, J.).
"If the pleading being demurred to contains a single count or a single defense, the demurrer must be addressed to the entire complaint or defense. It may not be addressed to separate paragraphs of the pleadings, for it is the total of a pleading not the individual paragraphs which must set up a cause of action or defense." Schrader v. Rosenblatt, 26 Conn. Sup. 182,183, 216 A.2d 451 (1965), quoting Stephenson, Conn. Civ. Proc. Section 94(a), p. 190. See, also, Donovan v. Davis, 85 Conn. 394,397, 82 At 1025 (1912). "A single paragraph or paragraph can only be attacked for insufficiency when a cause of action is therein attempted to be stated, and then only by a demurrer." Donovan, supra.
"In deciding on a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint and cannot be aided by the assumption of any facts not therein alleged." Lijedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990) (citations omitted). Also the court must construe the facts in the complaint in the manner most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273 278,550 A.2d 1073 (1988)." [I]f the facts provable under [the pleadings] allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
Although the defendant failed to file a memorandum of law in accordance with Practice Book Section 155 the court will address the merits of the motion.
The plaintiff, pursuant to Practice Book Section 152(d) moves to strike various portions of defendant's answer which concern the Hearing Officer's order. Plaintiff contends that, because matters concerning the order were not addressed in plaintiff's petition, defendant is precluded from raising such issues in the answer. Plaintiff further contends that had defendant wished to address issues pertaining to the order, it CT Page 10038 should have done so by appealing the decision in accordance with General Statutes Section 46a-94a. The plaintiff also moves to strike defendant's first and second special defenses on the same grounds as set forth above. Finally plaintiff moves to strike defendant's counterclaim for failing to state a claim upon which relief can be granted and on the grounds that the issue should have been raised on appeal under section 46a-94a. Motion to strike portions of defendant's answer.
Because a motion to strike cannot be used to attack separate paragraphs of a pleading for insufficiency unless the paragraph attempts to set forth a cause of action or defense the plaintiff's motion to strike portions of defendant's answer must be denied. See Donovan, supra. Motion to strike defendant's special defenses and counterclaim.
General Statutes Section 46a-94a provides in pertinent part:
 [A]ny respondent or any complainant aggrieved by a final order of a presiding officer or any complainant aggrieved by the dismissal of his complaint by the commission may appeal therefrom in accordance with section 4-183 . . . The court on appeal shall also have jurisdiction to grant to the commission, respondent, or complainant such temporary relief or restraining order as it deems just and suitable, and in like manner to make and enter a decree enforcing or modifying and enforcing as so modified or setting aside, in whole or in part, the order sought to be reviewed.
General Statutes Section 4-183 (c) requires that a party commence an appeal "[w]ithin forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section . . . ." Although the court file I does not indicate on which date defendant received notice of the Hearing Officer's order, it does indicate that the order was dated December 20, 1989 and the present action, which was brought pursuant to General Statutes Section 46a-95, was commenced more than five months after that date. Construing the facts of the complaint most favorable to the nonmoving party, the defendant failed to commence an appeal within the statutory time period and, therefore, may not seek to set aside or modify the Hearing Officer's order.
Further, section 46a-95(e) provides that "[n]o objection or defense that has not been urged before the presiding officer or that was raised or could have been raised on appeal under CT Page 10039 section 46a-94a, may be considered by the court unless the failure to urge such objection is excused because of extraordinary circumstances." (emphasis added). Where the language used by the legislature is plain and unambiguous, there is no room for statutory construction by the courts and the statute will be applied as its words direct. Keleman v. Rimrock Corporation, 207 Conn. 599, 606, 542 A.2d 720 (1988). Because the defendant has failed to allege any extraordinary circumstances which would allow the court to proceed, the court may not, pursuant to the plain language of section 46a-95 (e), consider the issues raised by the defendant's special defenses and counterclaim because the defendant could have raised said issues on appeal pursuant to section 46a-94a.
The plaintiff's motion to strike portions of the defendant's answer are denied on the ground that a request to revise is the proper pleading to address non-responsive sections of a pleading. The plaintiff's motion to strike the first and second special defenses and the counterclaim are granted because the defendant failed to raise its objections to the Hearing Officer's order by an appeal pursuant to General Statutes Section 46a-94a and because section 46a-95(e), absent extraordinary circumstances, does not allow the court to consider issues which could have been raised on appeal.
Schaller, J.
CT Page 10039