[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 28, 1993, the defendants filed a motion to strike the three counts of plaintiff's complaint. This court, on April 13, 1994, filed its memorandum of decision (file #138) granting defendants' motion as to all three counts. CT Page 8141
The plaintiff has filed a substitute complaint on April 27, and the defendants have again filed a motion to dismiss the three count complaint, which this court now addresses.
Count one of the substitute complaint again alleges abuse of process, the second count alleges vexatious litigation and an invasion of plaintiff's right to privacy.
The allegations in both count one and count two appear to the court to be "warmed over" versions of the same counts in the original complaint and, again, fail to rise to the level required to sustain causes of action in abuse of process, vexatious litigation or invasion of privacy. See this court's Memorandum of Decision dated April 13, 1994.
As to the third count, the plaintiff again alleges that the defendants continue to conspire to intentionally cause the plaintiff and his three minor children to suffer emotional distress.
The plaintiff has not submitted a memorandum of law in support of their opposition to the defendants' motion to strike. See Practice Book, Sec. 155 for requirement. In spite of their failure, the court is addressing the motion on its merits. The court postulates that the argument in opposition to the motion to strike would be, perhaps, that a cause of action in emotional distress is not properly decided on a motion to strike but would be better left as a factual question for the jury.
While the question of whether a defendant's conduct is sufficiently outrageous is ordinarily a question of fact, it is for the court to determine, in the first instance, whether the defendant's conduct may be regarded as so extreme and outrageous as to permit recovery. See Settembri v. AM. Radio Delay League,7 CSCR 483 (March 27, 1992, Schaller, J.); Mellaly v. Eastman KodakCo., 42 Conn. Sup. 17, 19, 597 A.2d 846 (1991, Berdon, J.);Giambattista v. Hartford Courant, 3 CSCR 89, 90 (November 23, 1987, Gill, J.); Chipokas v. Heritage Savings Loan Association,Inc., 2 CSCR 895 896 (July 21, 1987, Kulawiz, J.).
Regarding outrageous conduct, Connecticut courts have noted that:
 It is not enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to CT Page 8142 inflict emotional distress or even that his conduct has been characterized by `malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'
McGrath v. The Yale Corporation, Superior Court, Judicial District of New Haven at New Haven, No. 326144 (May 17, 1993, Thompson, J.), quoting Restatement (Second), Torts, Sec. 46, comment d. In addition, insults, indignities, or annoyances do not constitute extreme and outrageous behavior. Brown v. Ellis,40 Conn. Sup. 165, 167, 484 A.2d 944 (1984, McDonald, J.).
The court concludes that the allegations contained in the third count of the revised complaint to not give rise to the level of conduct so "outrageous" to support a cause of action for intentional infliction of emotional distress.
Defendants' motion to strike all of the counts of the plaintiff's substitute complaint is granted.
Mihalakos, J.