[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The present case arises from the flooding of a parcel of property. The most recent complaint is in four counts. The first of which sounds in CT Page 13597 negligence, the second in reckless and wanton misconduct, the third in nuisance and the fourth in misrepresentation. The defendant moves to strike the second, third and fourth claims as well as two prayers for relief.
John Figlar and John G. Howell purchased the property in question. The defendant, Larry Edwards, doing business as Larry Edwards Associates, allegedly provided "surveying and engineering services commencing from on or about August of 1991, up to and including October 1997 to the property, realtors, contractors, the planning and zoning commission of the town of Newtown, the plaintiffs and other general contractors and/or their agents and/or their advisors for purposes of developing said property. . . ."[1] The defendant subsequently filed a resubdivision map with the Newtown town clerk.[2]
In October 1997, Figlar and Howell commenced construction on the property and engaged the services of the defendant to design and layout the septic system in reliance on the defendant's survey. Subsequently, the septic system and the property flooded because the defendant either failed to find, or failed to indicate, that a storm water drainage system passed on, over and through the subject property.[3]
The court now has the defendant's second motion to strike. The first, filed on March 22, 2000, was directed at six counts and a prayer for relief of the second revised complaint. This court by simple order, granted the motion to strike on each of the counts, and the prayer for relief on May 8, 2000.[4] On May 23, 2000, the plaintiffs filed another amended complaint, the one that is at issue here. The defendant, as previously stated, has moved to strike three counts contained in the defendant, as previously stated, has moved to strike three counts contained in the latest complaint, and two prayers for relief.
The motion to strike is governed by § 10-39 of the Practice Book. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). This rule extends to prayers for relief "only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325 (1998). "A motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68 (1997). The court "must read the allegations of the complaint generously to sustain its viability, if possible. . . ." ATC Partnership v. Windham, 251 Conn. 597, 603 (1999). "[P]leadings must be construed broadly and realistically, rather than narrowly and technically." Doe v. Yale University, 252 Conn. 641, 667
(2000). CT Page 13598
The motion to strike relies upon the following grounds: "(1) the second count fails to state a cause of action for reckless and wanton misconduct; (2) the third count fails to state a cause of action for nuisance; (3) the fourth count fails to state a cause of action for misrepresentation; (4) the plaintiffs' prayer for exemplary damages in connection with their negligence claim (first count) is legally insufficient; and (5) plaintiffs are not entitled to claim double and treble damages in connection with the second count." Those grounds are defective. They do not state distinct reasons for the claimed insufficiencies of the complaint. However, because the plaintiffs failed to object, this defect is deemed to be waived. Bouchard v. Peoples Bank,219 Conn. 465, 468 n. 4 (1991). The court will therefore treat the defendant's arguments as grounds for the purposes of this motion. The defendant also seeks costs. The plaintiffs counter that each of the counts do state a claim and that they are entitled to claim double and treble damages. They also request that the court deny the defendant's claim for costs.
The defendant claims the second count fails to state a cause of action for reckless or wanton misconduct. "Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . The state of mind amounting to recklessness can be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . ."
Wanton misconduct is reckless misconduct. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . Not only the action producing the injury but the resulting injury also must be intentional. . . . The result is that wilful, wanton or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Citations omitted; internal quotation marks omitted.) Dubayv. Irish, 207 Conn. 518, 532-33 (1988). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man. . . ." (Citations omitted; internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608,614-15 (1988); see also 2 Restatement (Second), Torts § 500 (1965).
The defendants argue that the second count fails to allege facts that would support a finding that Edwards evinced a reckless disregard for the just rights or safety of plaintiffs or others, or from which a design to injure could reasonably be inferred. The plaintiffs counter that count CT Page 13599 two is sufficient to state a claim of recklessness because it alleges, inter alia, that the defendant "had knowledge of the existence of said drainage system and/or easement . . . and yet purposefully and intentionally chose to not depict and/or indicate the system's location on the resubdivision map, despite his personal knowledge . . . that he had knowledge of the drainage and topography of the subject area and that his septic system design would be flooded by the existing drainage yet he intentionally and purposefully failed to change the map to reflect the drainage and inaccuracies . . . [and] that he had personal knowledge of the storm drainage system, yet he intentionally and purposefully chose not to depict and or correct his resubdivision maps, with full knowledge of the fact that the public . . . would rely upon his map's representations and be harmed, including the specific harms suffered by the these plaintiffs, yet he failed to disclose its existence."[5]
The plaintiffs also allege that the defendant knew of the danger of flooding presented by the existence of the storm drainage system, and that he knew that the plaintiffs, or people like them, would be harmed, yet he failed to communicate that risk. The court agrees with the defendant. Although the plaintiffs allege that the defendant knew of the storm drainage system and intentionally left it off of the map, the plaintiffs do not allege either that the defendant intended to harm anyone or that the defendant manifested an extreme departure from ordinary care that subjected anyone to a high degree of danger. To merely allege that the defendant knew of the risk posed by the storm drainage system and intentionally left it off the map, without an allegation of intent to cause harm or intentional disregard as to the risk, is insufficient to state a claim sounding in recklessness. See Dubay v. Irish, supra.
As to the third count of the complaint which alleges, in relevant part, that: "9. The defendant, Larry Edwards, failed to disclose and/or depict the drainage easement upon the resubdivision map and that failure has a natural tendency to create a danger of flooding, damage and injury to the plaintiff property owners and the general public in the surrounding area. 10. The defendant's failure to depict this storm water drainage system on the resubdivision map created the continued and repeated dangers of flooding and damages to the plaintiffs' property and the surrounding areas. 11. The defendant, Larry Edwards, was charged to create an accurate resubdivision map of the subject area and he failed, despite knowledge to the contrary, to depict the storm water drainage system upon his resubdivision map. 12. This violation of the A-2 survey requirements and the inaccuracies of the defendant, Larry Edwards, violated the general public's rights to accurate and professional information contained in the recorded public maps and therefore also produced a common injury to the plaintiffs and the general public who relied upon him to properly depict said water drainage system and thereby CT Page 13600 allow for proper and reasonable development of land and prevention of damages and floodings."
Both parties characterize this count as one sounding in public and private nuisance. A cause of action for private nuisance has four elements: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable orunlawful; (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages." (Emphasis in original; internal quotation marks omitted.) Walsh v. Stonington Water Pollution ControlAuthority, 250 Conn. 443, 449 n. 4 (1999). In order to allege a public nuisance, a plaintiff must also allege the additional element that "the condition or conduct complained of interfered with a right common to the general public." Id., 459 n. 9.
The defendant asserts that because there is no allegation that the defendant owned, controlled and/or utilized any piece of land in an unreasonable fashion, the plaintiffs have failed to state a cause of action in either public or private nuisance. The plaintiffs claim that it was the maps that were the nuisance causing property. They fail to cite any authority, and the court is aware of none, for the novel argument that nuisance liability extends to those who have ownership or control over a map. The court agrees with the defendant that the plaintiffs fail to allege a necessary element of either public or private nuisance, as they do not allege that the defendant caused them any harm by way of unreasonable use of real property.
Continuing on to count four, which sounds in misrepresentation, the defendant argues that it is unclear whether the count sounds in intentional or negligent misrepresentation. In their objection, the plaintiffs argue only that they have stated a cause of action for intentional misrepresentation. As a result, this court will address count four as one sounding in intentional misrepresentation.
"The intentional withholding of information for the purpose of inducing action has been regarded, however, as equivalent to a fraudulent misrepresentation." Pacelli Bros. Transportation, Inc. v. Pacelli,189 Conn. 401, 407 (1983). The elements of fraudulent misrepresentation are: "(1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Barbara Weisman,Trustee v. Kaspar, 233 Conn. 531, 539 (1995).
The defendant claims that there is no allegation that Edwards made a CT Page 13601 material misrepresentation to plaintiffs, or owed a duty to them. Indeed, the plaintiffs admit that the subject map was prepared for a prior owner of the property six (6) years prior to the plaintiffs' purchase of it.[6] The plaintiffs maintain that they pleaded each of the elements of intentional misrepresentation. Specifically, the plaintiffs assert that paragraph nine of the fourth count, which alleges that "[t]he defendant made the material representation that his map was accurate and contained all proper and existing easements, drains and systems, said representations confirmed with the public recording of the resubdivision map upon the land records," and paragraph eleven, which alleges that "[t]he defendant's map was recorded so that people, including that the plaintiffs and the general public, could rely upon and use [the] information for development and thereby induced the plaintiffs to purchase said parcel of land," they assert a material representation directed at the plaintiffs. The court finds, however, that the plaintiffs' claims are insufficient to state a claim of intentional misrepresentation as they do not allege that the misrepresentation was made to them, or that the defendant intended to induce them in any way. The motion to strike is therefore granted.
The defendant also moves to strike two of the plaintiffs' prayers for relief. The defendant moves to strike a prayer for exemplary damages as to the first count, which sounds in negligence, and argues that such damages are available only where a plaintiff has alleged and proven outrageous conduct or evil nature on the part of the defendant. No such conduct is cited in the first count, which sounds in simple negligence. The plaintiffs do not address this argument. This court has previously granted the defendant's motion to strike this prayer. The plaintiffs have failed to change either the language of the prayer, or any of the allegations contained in the first count, to which this prayer refers. Accordingly, the motion to strike this prayer is granted, as the plaintiffs do not object; see Practice Book § 10-42; Southport ManorConvalescent Center, Inc. v. Foley, 20 Conn. App. 226 n. 3; and because it is exactly the same prayer as was previously stricken. See Doe v.Marselle, 38 Conn. App. 360, 363 (1995), rev'd on other grounds,236 Conn. 845 (1996).
The defendant also moves to strike a prayer for double and treble damages in connection with the second count, arguing that double and treble damages are unavailable for common law claims in Connecticut. The plaintiffs argue that: "It has long been established that even though a defendant has no actual intention to cause harm, he may nevertheless be liable for punitive damages if he acts with a reckless indifference to the rights of others." (D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 174, p. 527.) They misunderstand the meaning of the term "punitive damages." In CT Page 13602 Connecticut, punitive damages for common law claims are limited to attorney's fees less taxable costs. Double and treble damages, however, are not available. Bodner v. United Services Automobile Assn.,222 Conn. 480, 492 (1992); see also D. Wright, J. Fitzgerald W. Ankerman, supra, pp. 524-25. Accordingly, the motion to strike the plaintiff's prayer for double and treble damages is granted.
The defendant also makes two additional claims the court must address. Citing § 10-42(b) of the Practice Book, the defendant avers that he did not receive the plaintiffs' objection at least five days before the date the motion was considered at short calender, and, therefore, the plaintiffs' objection should be denied as untimely. The defendant also requests $150 for his costs in opposing this motion to strike. Given the procedural and other problems in the pleadings of both parties, the court is not inclined to grant either request. Section 10-42 was amended to delete a provision that the non-movant consents to the motion to strike by failing to file an opposing memorandum. Although a timely memorandum is required, the failure to so file can be waived by the trial court.Southport Manor Convalescent Center, Inc. v. Foley, supra. The court waives the untimely filing of the plaintiffs' opposition to the motion to strike. As for the defendant's claim for costs, he does not cite any authority for his claim for costs. As a result, this court declines to grant this request.
Accordingly, the defendant's motion to strike is granted as to counts two, three and four, together with the plaintiffs' prayers for exemplary damages under the first count, and double and treble damages under the second count. The defendant's request for costs is denied.
Moraghan, J.T.R.